**FREEMAN MATHIS & GARY, LLP**
Albert K. Alikin (SBN 265119)
Albert.Alikin@fmglaw.com
William A. Hadikusumo (SBN 303534)
William.Hadikusumo@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071-2627
Phone: (213) 615-7000; Fax: (833) 264-2083

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE SILVIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) [DIVERSITY JURISDICTION]**<br><br>CA Complaint Filed: October 7, 2025<br>Removal Filed:       November 6, 2025 |

**TO THIS HONORABLE COURT AND TO PLAINTIFF AND THEIR COUNSEL OF RECORD:**

STATE FARM GENERAL INSURANCE COMPANY ("State Farm" or "Defendant") hereby removes the above-captioned action from the Superior Court of the State of California, County of Riverside, where it is currently pending as case number CVME2510473 ("State Court Action"), to the United States District Court for the Central District of California as follows:

Freeman Mathis<br>& Gary, LLP<br>Attorneys at Law

## I.    STATE COURT FILINGS

On or about September 2, 2025, Plaintiff DEBBIE SILVIA ("Plaintiff") commenced the State Action in the Superior Court for the State of California, County of Riverside, entitled *DEBBIE SILVIA, an Individual, v. STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation, and DOES 1 through 20, inclusive*, case number CVME2510473 ("Complaint").

The Complaint alleges that Plaintiff owned residential property located at 28857 Avenida de las Flores, Menifee, California 92587 (the "Property") that was insured under State Farm Policy No. 05-CG-S899-5 (the "Policy"). (Complaint, ¶¶ 6, 7, 12.) Plaintiff alleges the Property sustained smoke damage as a result of the Line Wildfire, which began on or about September 5, 2024, and burned across portions of San Bernardino County until December 23, 2024. (Complaint, ¶¶ 15-16.)

Plaintiff alleges that that she observed ash, soot, and smoke residue throughout the Property despite repeated cleaning efforts (Complaint, ¶¶ 17–20) and that she promptly retained counsel to file a smoke-damage claim with State Farm (Complaint, ¶ 21.) Plaintiff further alleges that a State Farm field adjuster inspected the Property on September 24, 2024 but allegedly failed to perform proper testing (Complaint, ¶¶ 22–24.) Plaintiff further alleges that she hired, at her own expense, an industrial hygienist to which allegedly confirmed "significant char, ash, soot, and residue in multiple locations at the [Subject] Property." (Complaint, ¶ 25.) Plaintiff further alleges that State Farm wrongfully "and in bad faith" denied the claim on May 21, 2025. (Complaint, ¶¶ 29-31.)

Based on these facts, Plaintiff asserts four causes of action: Breach of Contract (Complaint ¶¶ 41-45); Breach of the Implied Covenant of Good Faith and Fair Dealing (Complaint ¶¶ 46-55); Bad Faith Denial of Insurance Claim (Complaint ¶¶ 56–67); and Declaratory Relief (Complaint ¶¶ 68–74). Plaintiff seeks compensatory and punitive damages, general and special damages, costs of suit, attorney's fees, pre-judgment interest, and costs (Complaint, Prayer).

Freeman Mathis
& Gary, LLP
Attorneys at Law

On or about September 9, 2025, a Notice of Department Assignment was filed in the State Court Action, assigning this matter to the Honorable Judge Raquel A. Marquez in Department M302 of the Menifee Justice Center, located at 27401 Menifee Center Drive, Menifee, California 92584 for all purposes. A true and correct copy of the Notice of Department Assignment is attached hereto as **Exhibit "A".**

State Farm was served with the Summons and Complaint on October 7, 2025. A true and correct copy of the Summons and Complaint as received by State Farm are attached hereto as **Exhibit "B".**

## II.   DIVERSITY JURISDICTION

### A.   Citizenship

Federal courts have jurisdiction over controversies between "citizens of different states" pursuant to 28 U.S.C. section 1332(a)(1) and Article III, Section 2, of the United States Constitution. *Navarro Sav. Ass'n. v. Lee*, 446 U.S. 458, 460-61 (1980). The determination of citizenship for diversity purposes is governed by federal rather than state law. (See *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987) overruled on other grounds, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).)

In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). The citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes. 28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

State Farm is informed and believes that Plaintiff is an individual residing in the City of Menifee, County of Riverside, State of California. (Complaint, ¶ 6.) She alleges that she is the owner of the Property at issue. (Complaint, ¶ 6.) Furthermore, the Policy under which Plaintiff contends that she is entitled to benefits contains declarations which designates the Property as Plaintiff's residence premises. (Complaint, Exhibit A.) Plaintiff's last known address on file with State Farm is in Menifee, California.

Freeman Mathis
& Gary, LLP
Attorneys at Law

-3-
DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(B) [DIVERSITY JURISDICTION]

1  (Complaint, Exhibit A; See also Declaration of William A. Hadikusumo,

2  "Hadikusumo Decl.", ¶ 4, Exhibit C.) According to the Thomson Reuters Westlaw

3  Precision PeopleMap Report dated November 5, 2025, Plaintiff was and is a resident

4  of California and appears to own various properties in California. (Hadikusumo Dec.,

5  ¶ 5, Exh. D.) On at least one occasion, Plaintiff appears to have also operated or is

6  otherwise connected a business which was registered to the Property as its business

7  address. (*Id*.) Thus, there is *prima facie* evidence that Plaintiff is a citizen of California.

8      State Farm is, and at all times relevant to the Complaint, was corporation

9  organized and existing under the laws of the State of Illinois, with its headquarters and

10  principal place of business in Bloomington, Illinois. (Hadikusumo Decl., ¶ 3.) State

11  Farm does not have substantial predominance of its corporate activities in the State of

12  California.  State Farm's corporate "nerve center," where the majority of its executive

13  and administrative functions are performed, is in Bloomington, Illinois. (*Id*.) State

14  Farm is, and was at the commencement of the above-captioned lawsuit, a resident and

15  citizen of the State of Illinois, as well as of the United States. (*Id*.)

16      Plaintiff, on the one hand, and State Farm, on the other hand, are citizens of

17  different states.   There is complete diversity of citizenship, and this Court has

18  jurisdiction over this action.  Accordingly, this State Court Action is properly removed

19  under 28 U.S.C. § 1441(b).

20      **B.    Amount in Controversy**

21      This Court also has jurisdiction over this action under 28 U.S.C. section 1332

22  because the amount in controversy exceeds $75,000, exclusive of interest and costs.

23  Where it is not facially evident from the complaint that the amount in controversy is

24  more than $75,000, removing party need only show by a preponderance of the

25  evidence that the amount meets the jurisdictional threshold. *Valdez v. Allstate Ins. Co.*,

26  373 F.3d, 1115, 1116 (9th Cir. 2004).  The amount-in-controversy inquiry in the

27  removal context is not confined to the face of the complaint. *Id*. (citing *Singer v. Farm*

28  *Mut. Auto. Ins. Co.*, 116 F.3d 373, 375-77 (9th Cir. 1997).  Further, in determining

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(B) [DIVERSITY JURISDICTION]

1    whether the amount in controversy exceeds the $75,000 jurisdictional amount, the
2    Court must presume that Plaintiff will prevail on each and every one of his
3    claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d
4    993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor, Inc.,* 31 F.3d 1092 (11th Cir.
5    1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails
6    on liability").

7        Based on State Farm's understanding of the factual circumstances of the Claim
8    and the information in State Farm's possession to date, it appears that Plaintiff will be
9    seeking an amount in excess of $75,000. In the Complaint, Plaintiff alleges that there
10   was "significant char, ash, soot, and residue in multiple locations at the Property" as a
11   result of the Line Wildfire (Complaint, ¶ 25). Plaintiff also seeks damages including
12   punitive damages, general damages, compensatory damages, and pre-judgment
13   interest (Complaint, Prayer). In addition, Plaintiff alleges breach of the covenant of
14   good faith and fair dealing, which includes punitive and exemplary damages
15   (Complaint, Prayer). The total amount sought therefore exceeds $75,000, exclusive of
16   interest and costs.

17        Plaintiff has pled for the recovery of punitive damages to deter and punish
18   Defendant's allegedly unlawful conduct. It is well established that punitive damages
19   are part of the amount in controversy in a civil action where they are recoverable as a
20   matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).
21   Punitive damages awards alone often exceed $75,000 in insurance bad faith cases. "In
22   order to establish probable punitive damages, a party asserting federal diversity
23   jurisdiction may introduce evidence of jury verdicts in cases involving analogous
24   facts." *Surber v. Reliance National Indem. Co.,* 110 F.Supp.2d 1227, 1232 (N.D. Cal.
25   2000). The California jury verdicts submitted herewith demonstrate that in similar
26   insurance bad faith cases, awards of punitive damages were high and clearly exceed
27   the $75,000 threshold:

28   ///

Freeman Mathis
& Gary, LLP
Attorneys at Law

-5-

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(B) [DIVERSITY JURISDICTION]

*Khoury, et al. v. State Farm Gen. Ins. Co.*, 2024 WL 3950205, Los Angeles County Superior Court, Case No. 20TRCV00601, Plaintiffs homeowners filed suit against their homeowners' insurer for bad faith and breach of the insurance contract after purportedly suffering water damage as a result of a leak in their home. Plaintiffs alleged that defendant carrier failed to properly investigate the claim, including that it failed to inspect the pipe, failed to interview plumbers or technicians and failed to hire experts to assist in the claim adjustment. The jury found for the plaintiffs awarding $639,539. (Hadikusumo Decl., Exh. E)

*Naff v. State Farm Gen. Ins. Co.*, 2016 WL 5582365, United States District Court, Eastern District, Case No. 1:15CV00515. Plaintiff homeowners claimed they suffered emotional distress after their home and personal property were damaged by fire and their homeowners' insurer, defendant, denied their claim. Plaintiffs allege breach of contract, breach of the duty of good faith and fair dealing, and intentional and negligent infliction of emotional distress. A jury awarded the couple $107,274 for their policy benefits plus a total of $100,000 in emotional distress damages to both plaintiffs. (Hadikusumo Decl., Exh. F)

*Nima vs. Sequoia Insurance Company,* 2012 WL 2354699, Los Angeles County Superior Court, Case No. BC439392. Plaintiff had a contract of insurance with defendant Sequoia Insurance Company which, among other things, covered any damage to plaintiff's inventory as a result of a fire. As a result of a fire, plaintiff made a claim to defendant insurer claiming that the defendant insurer mishandled the claim. Plaintiff filed suit for Breach of Contract, Breach of Obligation of Good Faith, Unfair Business Practices, and Negligence. A jury found for the plaintiff awarding $590,990 in damages. (Hadikusumo Decl., Exh. G)

*Aguilar, et al. v. Infinity Insurance Company*, 2009 WL 4731096, Fresno County Superior Court, Case No. 07CECG03194. Plaintiffs brought suit against defendant insurer following the report of a vehicle theft from their driveway. Defendant insurer claimed that plaintiffs committed insurance fraud in staging the theft

Freeman Mathis
& Gary, LLP
Attorneys at Law

and claimed that they failed to cooperate with the insurer's investigation. Plaintiffs brought suit against their insurer alleging bad faith in handling and adjusting the claim, breach of contract in failing to pay the claim, malice, oppression and fraud. The jury found that the insurer breached the insurance contract by failing to pay the claim and committed bad faith in its handling of the claim, awarding a total of $300,000 including $125,000 in economic damages, $25,000 in noneconomic damages and $150,000 in punitive damages. (Hadikusumo Decl., Exh. H)

The California Supreme Court has found that single digit multipliers of actual damages, while "far from exact," are a generally constitutionally appropriate measure of punitive damages. *Simon v. San Paolo U.S. Holding Co., Inc.* 35 Cal. 4th 1159, 1182 (2005). A single digit or even one-to-one ratio of punitive damages to the damages sought by Plaintiff under the Policy and attorneys' fees easily exceeds the $75,000 amount in controversy threshold.

In addition, Plaintiff seeks attorneys' fees. (Complaint, Prayer.) Under California law, the attorneys' fees that Plaintiff incurred to obtain contract benefits may be considered an element of compensatory damages should Plaintiff prevail on the cause of action for breach of the implied covenant of good faith and faith dealing. *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985). A claim for attorneys' fees is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *Galt G/X v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (observing, "[w]hen the applicable substantive law makes the award of an attorney's fee discretionary, a claim that this discretion should be exercised in favor of plaintiff makes the requested fee part of the amount in controversy"); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Conrad & Assoc. v. Hartford Accident and Indem. Co*., 994 F.Supp. 1196, 1199 (N.D. Cal. 1998); see also, *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002); *Walker v. Motricity Inc*., 627 F. Supp. 2d 1137, 1143 (N.D. Cal. 2009).

Freeman Mathis
& Gary, LLP
Attorneys at Law

-7-
DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(B) [DIVERSITY JURISDICTION]

Although State Farm denies that Plaintiff is entitled to recover any of the damages alleged, the Complaint nevertheless places such damages in controversy which well exceed $75,000. This action is therefore removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as the amount in controversy exceeds $75,000 and complete diversity exists between Plaintiff and Defendant State Farm.

## III.   **THIS REMOVAL IS TIMELY**

State Farm was served with this Complaint and Summons on October 7, 2025. Pursuant to 28 U.S.C. §1441(b), "[the] Notice of Removal of a civil action or proceeding shall be filed within thirty days after receipt by the Defendant, through service or otherwise, of a copy of the initial pleading." Thirty days from the date of service on State Farm is November 6, 2025. As this Notice of Removal is being filed on November 6, 2025, Defendant's Notice of Removal is timely. Pursuant to 28 U.S.C. § 1446(d), State Farm will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Riverside, and serve written notice on Plaintiff's counsel of record.

## IV.   **CONCLUSION**

WHEREFORE, State Farm further gives notice that the above-described action, now pending against it in the Superior Court for the State of California, County of Riverside, has been removed therefrom to this Court on the ground of diversity of citizenship. A copy of this Notice of Removal shall be contemporaneously filed in the office of the clerk for the Superior Court of Riverside County.

Dated: November 6, 2025                    **FREEMAN MATHIS & GARY, LLP**


                                           */s/ William A. Hadikusumo*
                                           ALBERT K. ALIKIN
                                           WILLIAM A. HADIKUSUMO
                                           Attorneys for Defendant
                                           STATE FARM GENERAL
                                           INSURANCE COMPANY

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(B) [DIVERSITY JURISDICTION]

## <u>CERTIFICATE OF SERVICE</u>

I declare that I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years at the time of service and not a party to the within cause. My employment address is 550 South Hope Street, Suite 2200 Los Angeles, CA 90071 and my electronic service address is jennifer.ramirez@fmglaw.com.

On November 6, 2025, I served copies of the attached document(s) entitled:

**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) [DIVERSITY JURISDICTION]**

on the interested parties in this action, as follows:

| | |
|---|---|
| Linet Megerdomian, Esq.<br>**MEGERDOMIAN LAW OFFICES, P.C.**<br>468 N. Camden Drive, Suite 220<br>Beverly Hills, CA 90210<br>Telephone: (877) 734-3095<br>Facsimile: (818) 272-8634<br>Email: lm@megerdomianlaw.com | **Attorneys for Plaintiff DEBBIE SILVIA** |

X    **BY ECF.** Pursuant to rule 5 of Federal Rules of Procedure, I served the attorneys of record by filing on the Court's ECF system.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on November 6, 2025 at Los Angeles, California.

               */s/ Jennifer Ramirez*
               Jennifer Ramirez