UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DEBBIE SILVIA,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 5:25-cv-02975-DTB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** |

## I.

## PROCEEDINGS

On September 2, 2025, plaintiff Debbie Silvia ("Plaintiff") filed a Complaint in Riverside County Superior Court, naming as defendants State Farm General Insurance Company ("Defendant"), and DOES 1 through 10. (Docket No. 1-2 at 4-217).[1] The gist of the Complaint is that Plaintiff's residential property located at 28857 Avenida de las Flores in Menifee, California 92587, which was insured under Defendant's Policy Number 05-CG-S899-5, sustained smoke damage as a result of

---

[1] For the parties' pleadings and exhibits, the Court cites to the CM/ECF pagination at the top of each page.

the Line Wildfire, which lasted from September 5, 2024 until approximately December 23, 2024, and that on or about May 21, 2025, following insufficient investigation, Defendant wrongfully and in bad faith denied Plaintiff's smoke damage claim. (Id. at 4-10). The Complaint alleges four causes of action: (1) Breach of contract; (2) breach of covenant of good faith and fair dealing; (3) bad faith denial of an insurance claim; and (4) declaratory relief. (Id. at 11-16). In the Prayer for Relief, the Complaint seeks, among other things, general damages, compensatory damages, exemplary damages, punitive damages, costs of suit, reasonable attorneys' fees, and pre-judgment interest. (Id. at 17). The only numerical figure stated in the Complaint is $22,420.28, an estimated amount for fire and smoke remediation contained in a vendor's report. (Id. at 16; see id. at 138).

On November 6, 2025, Defendant filed a Notice of Removal, removing this action from the Riverside County Superior Court to this Court, based on allegations that there was diversity of citizenship between Plaintiff and Defendant and that the amount in controversy exceeded $75,000.00. (Docket No. 1).

On December 4, 2025, Plaintiff filed a Motion to Remand Action to State Court ("Motion to Remand") on the grounds that Defendant fails to show that Plaintiff's damages exceed $75,000.00, exclusive of interest and costs. (Docket No. 9). On January 9, 2026, Defendant filed an Opposition to the Motion to Remand ("Opposition") (Docket No. 10), accompanied by the supporting Declaration of William A. Hadikusomo (Docket No. 18-1) with attached exhibits (Docket Nos. 18-2 through 18-4). Plaintiff did not file an optional Reply.

Thus, this matter is ready for decision. For the reasons stated below, the Court denies the Motion to Remand.[2]

/ / /

---

[2] Defendant has filed a Motion to Dismiss the Complaint. (Docket No. 11). The Court will address that motion in a separate order.

## II.

## LEGAL AUTHORITY

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A district court has original jurisdiction of a civil action where the "matter in controversy exceeds the sum or value of $75,000, exclusive or interest and costs," and the matter in controversy is between "citizens of different States[.]" 28 U.S.C. § 1332(a); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) ("As for diversity jurisdiction, federal district courts have jurisdiction overs suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant.") (citing 28 U.S.C. § 1332(a)).

A defendant may remove an action from state court to a district court if the plaintiff could have originally filed the action in federal court. 28 U.S.C. § 1441(a). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 90 (2014)). "'Where . . . it is unclear from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" Fritsch, 899 F.3d at 793 (citation omitted); see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (when a state court complaint does not specify a particular amount of damages, the removing defendant has the burden of establishing that it is "more likely than not" that the amount in controversy exceeds the threshold amount); Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden

of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (citation omitted; emphasis in original). "In calculating the amount in controversy, a removing defendant may make reasonable assumptions based on the plaintiff's complaint." Perez v. Rose Hills Co., 131 F.3d 804, 806 (9th Cir. 2025). A district court's determination about the amount in controversy is based on allegations in the Complaint, the removal petition, and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Id. (citation omitted). The amount in controversy is the "amount at stake in the underlying litigation." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016); see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 418 (9th Cir. 2018) ("[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."). The amount in controversy "includes damages (compensatory, punitive or otherwise)" and future attorneys' fees recoverable under a statute or contract. Fritsch, 899 F.3d at 793-94; Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") (citations omitted).

". . . [R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (citation omitted); see also Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012) ("Removal statutes are to be 'strictly construed against removal jurisdiction.") (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citation omitted).

/ / /

**III.**

**DISCUSSION**

**A. The Amount in Controversy Exceeds $75,000.00.**

Plaintiff moves to remand this action to the state court based on Defendant's failure to meet its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the required threshold of $75,000.00. (Motion to Remand at 2-4).

Defendant contends that it has provided sufficient evidence of Plaintiff's compensatory damages, punitive damages, and attorneys' fees to exceed the $75,000.00 amount in controversy jurisdictional requirement. (Opposition at 8-16).

Since the Complaint does not specify the amount of damages and attorneys' fees sought by Plaintiff, Defendant bears the burden of showing the amount in controversy exceeds $75,000.00. See Fritsch, 899 F.3d at 793; Sanchez, 102 F.3d at 404; Gaus, 980 F.2d at 566-67.

1. Compensatory Damages.

Plaintiff attempts to limit compensatory damages to $22,420.28, an estimated remediation amount. (Motion to Remand at 2, citing Docket No. 1-2 at 132-206).

However, as Defendant asserts (see Docket No. 18 at 14-15), that is an estimated and not fixed amount of Plaintiff's possible compensatory damages. Since Plaintiff filed her action in the Superior Court, she appears to be seeking damages for at least the jurisdictional amount of $35,000.00. See Cal. Code Civ. P. §§ 86(a)(1).

2. Punitive Damages.

Plaintiff contends that the Court, in its determination of the amount in controversy, should not consider "speculative or inflated punitive calculations unsupported by the record." (Motion to Remand at 3). Plaintiff further contends

that "even a 3x multiplier [for punitive damages] would yield approximately $67,260.84, which remains below $75,000.00. (Id.).

As an initial matter, as Defendant asserts (see Docket No. 18 at 14-15), Plaintiff's attempt to cap punitive damages at $67,260.84 is unpersuasive. As noted above, the Complaint alleges $22,420.28 as an estimated, not a fixed, amount for remediation. (Docket No. 1-2 at 16; see id. at 138).

As noted above, the Complaint seeks unspecified punitive damages. (Docket No. 1-2 at 17). As also noted above, the amount in controversy determination can take into account punitive damages. Gibson, 261 F.3d at 945. For purposes of determining punitive damages, evidence of jury verdicts in analogous or similar cases may be submitted. See Avila v. Kiewit Corporation, Case No. 2:19-cv-05740-MWF-JPR, 2019 WL 4729641, at *4 (C.D. Cal. Sept. 26, 2019) ("Where the plaintiff seeks punitive damages but does not specify a particular amount, the defendant 'may introduce evidence of jury verdicts in cases involving analogous facts' in order to establish probable punitive damages.") (citation omitted).

In the Opposition, Defendant cites six insurance bad faith cases in which juries awarded punitive damages ranging from $350,000.00 to $2,015,000.00. (Docket No. 18 at 9-10; see also Docket No. 18-1 at ¶ 7; Docket No. 18-2). Plaintiff has not challenged Defendant's reliance on those cases.

It appears that at least one of those cases is sufficiently analogous or similar to Plaintiff's case. In Major v. Western Home Ins. Co., 169 Cal.App.4th 1197, 1203, (9th Cir. 2009), the Ninth Circuit, in an insurance bad faith action arising out of the destruction of the plaintiffs' home in a wildfire, affirmed a San Diego Superior Court jury's verdict award of, among other things, $31,359.55 in economic damages and $646.471.53 in punitive damages). In Rogers v. USAA, 9 Trials Digest 7th 3, 2004 WL 471327 (2004), a bad faith action against a home insurer in which plaintiffs sought reconstruction and remediation costs for mold-related damage, a San Diego

Superior Court jury awarded, among other things, $37,500.00 in special damages and $1,7500,000.00 in punitive damages. While a sample size of two is not a particularly good indicator of the amount of punitive damages, it does tend to support a finding that the amount in controversy exceeds $75,000.00.

Without quantifying the exact numerical value of punitive damages, and without deciding whether the facts of Plaintiff's case are sufficiently analogous or similar to the cases cited by Defendant, the Court finds that punitive damages are potentially substantial. See Avila, 2019 WL 4729641, at *4.

3. Attorneys' Fees.

Plaintiff contends that attorneys' fees should not be included in the amount in controversy determination: "At this stage, there is no certainty that [Brandt v. Superior Court, 37 Cal.3d 813 (1985)] fees will be awarded, and any amount is inherently speculative. Inclusion of such unliquidated or contingent fees in federal jurisdiction calculations is disfavored."). (Motion to Remand at 3).

As noted above, the Complaint seeks unspecified attorneys' fees. (Docket No. 1-2 at 17). The amount in controversy includes future attorney's fees recoverable under a statute or contract. See Fritsch, 899 F.3d at 793-94. Since attorneys' fees are recoverable by the prevailing party in a bad faith insurance action, see Brandt, 37 Cal.3d at 816-19, the amount in controversy determination can take into consideration attorneys' fees. See Conrad Associates v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) ("Since the amount in controversy may include attorneys['] fees if recoverable by statute or contract, attorney fees recoverable under Brandt may be considered in determining whether the amount in controversy exceeds the jurisdictional floor.") (citations omitted). "An estimate of a potential award of attorney's fees may be based on those that have been made in similar cases." Lopez v. Healthcare Services Group, Inc., Case No. 2:18-cv-10271-JAK-JDE, 2019 WL 1646083, at *4 (C.D. Cal. Apr. 2, 2019). "In

estimating future attorneys' fees, district court may likewise rely on 'their own knowledge of customary rates and their experience concerning reasonable and proper fees.'" Fristch, 899 F.3d at 795 (quoting Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)).

In the Opposition, defendant relies on three cases which involved awards of Brandt attorneys' fees: (1) Kennedy v. Commercial Union Insurance Company, Trials Digest 6th 6, 2003 WL 22479803, a bad faith insurance action in which a San Diego Superior Court in which a San Diego Superior Court jury awarded the plaintiff, among other things, $26,255.00 in contract benefits and $75,000.00 in attorney fees; (2) Matthews v. California State Automobile Association, 34 Trials Digest 2d 36, 1997 WL 573270, a bad faith insurance action in which a San Francisco Superior Court jury awarded the plaintiff, among other things, $14,659.00 for breach of contract, $30,000.00 for insurance bad faith, and $46,646.00 in attorney fees; and (3) Major, supra, a bad faith insurance action in which the Ninth Circuit affirmed a San Diego Superior Court jury's award of, among other things, $31,359.55 in economic damages and $189,000.00 in attorney fees. (See Docket No. 18 at 11-12; see also Docket No. 18-1 at ¶¶ 6, 8-9; Docket Nos. 18-3 and 18-4).

Without quantifying the exact amount of attorneys' fees, and without deciding whether the facts of Plaintiff's case are sufficiently analogous or similar to the cases cited by Defendant, the Court finds that attorneys' fees are potentially substantial.

In the Opposition, Defendant argues, in the alternative, that the amount in controversy will "more than likely" exceed $75,000.00 if Plaintiff's counsel expends 224 hours of time on this matter at $250.00 per hour (which, according to Defendant, is a "conservative hourly rate"). (Docket No. 18 at 10-14; see Docket No. 18-1 at ¶¶ 4-5). Plaintiff has not attempted to dispute Defendant's figures. Based on 224 hours of Plaintiff's counsel's time at $250.00 per hour, Plaintiff's attorneys' fees in this case would be estimated to be at least $78,620.28.

In sum, Defendant has met its burden of showing that the amount in controversy in Plaintiff's case exceeds $75,000.00, based on compensatory damages, punitive damages, and attorneys' fees.

Accordingly, the Court finds that the amount in controversy in Plaintiff's case exceeds $75,000.00.

**IV.**

**ORDER**

For the reasons discussed above, Plaintiff's Motion to Remand is **DENIED.**

DATED: July 16, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE